97 F.3d 1446
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re: James H. DICKEY, Petitioner.
 No. 96-1425.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 10, 1996.
Decided Sept. 24, 1996.
 
 MANDAMUS DENIED.
 James H. Dickey, Petitioner Pro Se.
 Before WILKINS, HAMILTON, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 
 1
 James Dickey petitions this court for a Writ of Mandamus directing that his action under 42 U.S.C. § 1983 (1988), be reassigned from Judge Patrick Duffy to Judge Mathew Perry, who was originally assigned to his case. He also requests that the district court clerk be prohibited from further reassigning his case until some "random selection process" can be employed, and asks that Judge Duffy also be directed to vacate every order he has entered in his case. Dickey's petition follows Judge Duffy's denial of Dickey's motion requesting that Judge Duffy recuse himself.
 
 
 2
 A party seeking mandamus relief must show that he has no other means of relief and that his right to the relief he seeks is "clear and indisputable." See In re Beard, 811 F.2d 818, 826 (4th Cir.1987). We find that Dickey has failed to provide any legitimate basis for his contentions that Judge Duffy should not be permitted to decide his case. Dickey asserts that the reassignment of his case to Judge Duffy has prejudiced him and results in the appearance of impropriety. If he is claiming that Judge Duffy is somehow biased against him, he has not identified any extrajudicial source for that bias, as he must do in order to obtain mandamus relief. Id. at 827.
 
 
 3
 Dickey also claims that the reassignment was administratively improper. He contends that the district court clerk lacked the authority to reassign his case, that the reassignment process was not random, and that reassignment to Judge Duffy is problematic because Judge Perry had already issued pretrial rulings in his case, the basis for which Judge Duffy was unfamiliar. Dickey, however, has provided no authority to support his claims of impropriety, and we decline to interfere with the district court's case management practices.
 
 
 4
 Accordingly, the petition for a Writ of Mandamus is denied.